IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**DEXTER JAGNEAUX and**
**JENNIFER JAGNEAUX**                                            **PLAINTIFF**

vs.                                              CAUSE No. 2018-00,035(2)

**MISSISSIPPI POWER COMPANY;**
**TERRA DYNAMICS, INC.; UNITED RENTALS**
**(NORTH AMERICA), INC.;**
**URS ENERGY & CONSTRUCTION, INC.;**
**AECOM C&E, INC.; JCB, INC.; and JOHN DOES A-Z**            **DEFENDANT**

## SUMMONS

TO:  JCB, Inc.
     By and Through Its Registered Agent,
     Phil Shaw
     2000 Bamford Boulevard, Chatham
     Pooler, Georgia   31322
     Or elsewhere as they may be found

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to James R. Reeves, Jr., attorney for the Plaintiffs, whose address is Post Office Drawer 1388, Biloxi, MS 39533. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 26 day of February, 2018.

SEAL

Randy Carney
Circuit Clerk, Jackson County
3104 S. Magnolia Street
Pascagoula, MS 39567

BY: Haley Trawmell                    D.C.

Exhibit "A"

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

DEXTER JAGNEAUX AND JENNIFER JAGNEAUX
PLAINTIFFS

v.

CAUSE NO. 2018-00,035(2)

MISSISSIPPI POWER COMPANY;
TERRA DYNAMICS, INC.; UNITED RENTALS
(NORTH AMERICA), INC.;
URS ENERGY & CONSTRUCTION, INC.;
AECOM C&E, INC.; JCB, INC. and JOHN DOES A-Z
DEFENDANTS



FILED

FEB 21 2018

RANDY CARNEY, CLERK
BY_____D.C.

## COMPLAINT

### JURY TRIAL REQUESTED

COME NOW Plaintiffs Dexter and Jennifer Jagneaux, by and through their attorneys of record, Reeves & Mestayer, PLLC, and file this, their Complaint against the Defendants identified above and in support thereof would offer the following, to wit:

### PARTIES

1. The Plaintiffs Dexter and Jennifer Jagneaux are adult resident citizens of Louisiana whose residence is 1114 East Lawson Street, Crowley, Louisiana. At all relevant times they were a lawfully wedded couple.

2. Defendant Mississippi Power Company ("Defendant MPC") is a Mississippi corporation and may be served with process of this Court by serving its registered agent, Vicki Pierce, 2992 West Beach Boulevard, Post Office Box 4079, Gulfport, Mississippi 39502.

3. Defendant Terra Dynamics, Inc. ("Defendant Terra") is a foreign corporation authorized to conduct business in Mississippi and is, in fact, conducting business in Mississippi.

1

Defendant Terra may be served with process of this Court by serving its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. Defendant United Rentals (North America), Inc. ("Defendant United") is a foreign corporation authorized to conduct business in Mississippi and is, in fact, conducting business in Mississippi. Defendant United may be served with process of this Court by serving its registered agent, Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

5. Defendant URS Energy and Construction, Inc, ("Defendant URS") is a foreign corporation and wholly-owned subsidiary of AECom which, although it is not registered with the Mississippi Secretary of State to conduct business in Mississippi, is, upon information and belief, conducting business in Mississippi. Upon information and belief, Defendant URS may be served with process of this Court by serving the registered agent for its parent company, AECom, at CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

6. Defendant AECom C & E, Inc. ("Defendant AECom") is a foreign corporation authorized to conduct business in Mississippi and is, in fact, conducting business in Mississippi. Defendant AECom may be served with process of this Court by serving its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

7. Defendant JCB, Inc. ("Defendant JCB") is a foreign corporation with its principal place of business located in the State of Georgia. Defendant JCB is not authorized to conduct business in Mississippi but is, fact, conducting business in Mississippi and therefore may be served with process by and through its registered agent, Phil Shaw, at its principal office address of 2000 Bamford Boulevard, Chatham, Pooler, Georgia, 31322.

8. John Doe Defendants A-E are fictitious corporations, entities or persons whose real names and business addresses are unknown to Plaintiffs at this time, but whose real names and addresses will be made part of this Complaint at such time as they become known to Plaintiffs, and at which time process of this Court may be served on such parties. These Defendants' negligent, intentional, and/or fraudulent conduct was a proximate cause of Plaintiffs' injuries and damages.

9. John Doe Defendants F-R are fictitious corporations, entities or persons whose real names and business addresses are unknown to Plaintiffs at this time, but whose real names and addresses will be made part of this Complaint at such time as they become known to Plaintiffs, and at which time process of this Court may be served on such parties. These Defendants negligently designed and/or manufactured the equipment and component parts including, but not limited to the forklift, forklift crossbar, pins securing the fork bar, and/or forks involved in the subject incident. These Defendants are liable pursuant to the Mississippi Products Liability Act, Uniform Commercial Code ("UCC") and, the Common Law Breach of Warranty, as said equipment and component parts were defective and unreasonably dangerous and contributed to Plaintiffs' injuries and damages.

10. John Doe Defendants S-Z are fictitious corporations, entities or persons whose real names and business addresses are unknown to Plaintiffs at this time, but whose real names and addresses will be made part of this Complaint at such time as they do become known to Plaintiffs, and at which time process of this Court may be served on such parties. These Defendants negligently serviced and/or maintained and/or repaired or failed to repair the equipment and component parts, including but not limited to the forklift, forklift crossbar, pins securing the fork bar, and/or forks involved in the subject incident. These Defendants likewise

conducted the work activities in question negligently and/or failed to provide a safe work premises. These Defendants' negligence proximately contributed to the Plaintiffs' injuries and damages.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to the provisions of Mississippi Code § 9-7-81, annotated as amended.

12. This Court has *in personam* jurisdiction over the Defendants in that all Defendants are either residents of or conduct business in Jackson County, Mississippi.

13. Venue is proper in Jackson County pursuant to Mississippi Code §11-11-3, annotated as amended, in that substantial acts and/or omissions of the Defendants and substantial events that caused the Plaintiffs' injuries occurred within Jackson County, Mississippi.

## FACTS

14. At all relevant times, Mr. Jagneaux was employed by Crown Drilling, Inc. ("Crown").

15. On or about February 23, 2015, the Plaintiff Dexter Jagneaux was working for Crown on the premises of Mississippi Power, Plant Daniel, in Moss Point, Mississippi, as a motorman.

16. Plaintiff Dexter Jagneaux was assisting other crew members with a forklift when the shaft holding the forks in place came out of the slot and the falling forks hit Mr. Jagneaux on the back, causing severe permanent and debilitating injuries to Mr. Jagneaux's back, shoulder, leg and body as a whole.

4

17. Plaintiff Dexter Jagneaux was adjusting the forks on a JCB Model 550-170 forklift ("the Subject Forklift") when the forks fell and hit Mr. Jagneaux on the back, causing severe permanent and debilitating injuries to Mr. Jagneaux's back, shoulder, leg, and body as a whole.

18. The Subject Forklift that caused the accident at issue herein was owned by Defendant United. Defendant United provided an on-site mechanic at Plant Daniels who at all times relevant to this Complaint was responsible for servicing the Subject Forklift. Specifically, Kendall Preston was the mechanic assigned to Plant Daniel.

19. The Subject Forklift was rented by Defendant Terra. Upon information and belief, Defendant Terra and Defendant United were also responsible for maintaining the Subject Forklift including but not limited to daily safety inspections.

20. Upon information and belief, Defendant URS Construction supplied a safety checklist for the Subject Forklift and oversaw general safety at the Plaint Daniel facility.

21. At all times relevant hereto Defendant MPC had contracted with Defendant Terra to provide monitoring and ensure safety on site.

## COUNT I

## NEGLIGENCE

22. Plaintiffs readopt and reallege each and every allegation set forth in the preceding paragraphs of this Complaint.

23. Defendants had a duty to act reasonably under the circumstances. The Defendants' negligence in failing to properly maintain and/or inspect the Subject Forklift breached this duty proximately causing the Plaintiffs' injuries.

24. Defendants were negligent and failed to use ordinary care as follows:

a. Negligently installing component parts of the forklift;

b. Negligently inspecting the forklift;

c. Failing to properly train Kendall Preston;

d. Failing to comply with industry safety standards;

e. Negligence *per se* for the violation of applicable laws and regulations;

f. Negligently exposing Mr. Jagneaux to unusual danger and increased hazards;

g. Negligent operation and control of the Defendants' businesses;

h. Negligent repair of the forklift;

i. Negligent maintenance of the forklift;

j. Negligently supervising work activities;

k. Negligently training workers; and

l. Other acts and omissions to be demonstrated at trial.

25. The Defendants' negligence, as set forth hereinabove, combined proximately and jointly to cause the injuries suffered by the Plaintiffs.

## COUNT II

26. Plaintiffs readopt and reallege each and every allegation set forth in the preceding paragraphs of this Complaint.

27. Defendant MPC as the owner of the premises in question had a duty to the Plaintiffs to provide a reasonably safe place to work and/or alternatively warn of dangerous conditions in the work area.

28. Defendant MPC by its actions and inactions as set forth herein breached this duty proximately causing injury to Mr. Jagneaux.

29. Defendant United had a duty to the Plaintiffs to provide reasonably safe equipment and/or alternatively to warn of dangerous defects with the equipment.

30. Defendant United by its actions and inactions as set forth herein breached this duty proximately causing injury to Mr. Jagneaux.

31. Defendants Terra worked at Plant Daniel overseeing worker safety and holding safety meetings.

32. Defendants URS and AECom as Independent Monitors working for Defendant MPC bore duties to Mr. and Mrs. Jagneaux to inspect equipment and ensure its safe condition and/or alternatively warn of dangerous conditions associated with the equipment.

33. Defendants by their collective and respective actions and inactions as set forth herein breached this duty proximately causing injury to the Plaintiffs.

## COUNT III

34. Plaintiffs readopt and reallege each and every allegation set forth in the preceding paragraphs of this Complaint.

35. At all relevant times, Defendant JCB was actively engaged in the business of designing, developing, engineering, manufacturing, assembling, testing, warranting, distributing, marketing, advertising, servicing, promoting and/or selling the Model 550-170 forklift, including the Subject Forklift.

36. Defendant JCB had a duty to design, develop, engineer, manufacture, assemble, test, warrant, distribute, market, advertise, service, promote and/or sell the Model 550-170 forklift, including the Subject Forklift, so that it was neither defective nor unreasonably dangerous for its intended use.

37. Defendant JCB designed, developed, engineered, manufactured, assembled, tested, warranted, distributed, marketed, advertised, serviced, promoted and/or sold and placed on the market and into the stream of commerce the Subject Forklift in a defective condition rendering it unreasonably dangerous knowing that the Subject Forklift would reach users and consumers without substantial change in the condition in which it was sold, and that, at the time the Subject Forklift left Defendant JCB's control, it was unreasonably dangerous, defective and unsafe for its intended use.

38. At the time the Subject Forklift left the control of Defendant JCB, Defendant JCB knew, or in light of reasonably available knowledge or in the exercise of reasonable care, should have known about the dangers that caused the injuries to Mr. Jagneaux.

39. On or about February 23, 2015, Mr. Jagneaux was using the Subject forklift for the purpose for which it was reasonably and foreseeably intended and was involved in an accident which was likewise reasonably foreseeable.

40. The Subject Forklift was defective and unreasonably dangerous because it was not reasonably designed.

41. The design, manufacture and/or assembly of the Subject Forklift was performed with design standards and performance objectives that were intended to meet the minimum and/or inadequate governmental regulations instead of to perform safely in foreseeable accident sequences.

42. The Subject Forklift was defective and unreasonably dangerous because Defendant JCB failed to design the Subject Forklift, including but not limited to the forklift crossbars, pins securing the fork bar, and/or forks, so as to protect and minimize the probability of injury to Mr. Jagneaux in a foreseeable accident sequence.

43. Defendant JCB knowingly failed to adequately test the Model 550-170 forklift, including the Subject Forklift, before, during and after the design, production and sale of the Subject Forklift to the public and/or knowingly placed the dangerously designed Model 550-170 forklift, including the Subject Forklift, onto the market and into the stream of commerce.

44. Defendant JCB rendered the Subject Forklift unreasonably dangerous by failing to adequately warn users and/or consumers about the hazards of driving the Subject Forklift with a defective and/or inadequately designed and unreasonably dangerous forklift crossbar, pins securing the fork bar, and/or forks.

45. The Subject Forklift failed to function as expected in this accident and there existed feasible design alternatives that would have to a reasonable probability prevented the injuries to Mr. Jagneaux.

46. The defective conditions set forth in the above paragraphs rendered the Subject Forklift unreasonably dangerous to the user, Mr. Jagneaux.

47. As a direct and proximate result of the conduct, acts, and/or omissions of Defendant JCB, Mr. Jagneaux suffered extreme injuries. Additional and substantial damages and injuries have been suffered for which recovery is provided pursuant to the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63, and/or Mississippi law.

48. As a direct and proximate result of the conduct, acts and/or omissions of Defendant JCB, the Plaintiffs suffered damages, including but not limited to loss of consortium. Additional and substantial damages have been suffered by the Plaintiffs for which recovery is provided pursuant to the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63, and/or Mississippi law.

49. Defendant JCB through its officers, directors, partners, or managing agents had actual knowledge for years that the Model 550-170 forklift, including the Subject Forklift, was defective and unreasonably dangerous as alleged above through, including but not limited to, its testing, memoranda, documentation, engineering analysis, meeting minutes and exhibits, litigation, field performance, and/or consumer complaints.

50. Defendant JCB took affirmative steps as described above to conceal the known defects alleged above from the public, including the Plaintiffs.

51. Defendant JCB's conduct, acts and/or omissions as set forth above demonstrate actual malice or gross negligence that evinces willful, wanton, or reckless disregard for the safety of others and thus warrants the imposition of punitive damages, as contemplated by Miss. Code Ann. § 11-1-65 and/or Mississippi law.

## COUNT IV

52. Plaintiffs readopt and reallege each and every allegation set forth in the preceding paragraphs of this Complaint.

53. Due to the Defendants' negligence, Plaintiff Jennifer Jagneaux, who is the wife of Plaintiff, Dexter Jagneaux, suffered loss of her husband's consortium and incurred expenses in the care and upkeep of her husband including payments for his medical care and expenses as well as loss of his love and affection.

## COUNT V

54. Plaintiffs readopt and reallege each and every allegation set forth in the preceding paragraphs of this Complaint.

55. Defendants' actions were grossly negligent and willful, demonstrating reckless disregard for the safety of the Plaintiffs and others. This gross negligence proximately caused the Plaintiffs' damages. As such, the Plaintiffs are entitled to punitive damages.

### PRAYER FOR RELIEF

56. The Plaintiffs seek and demand an award of compensatory damages of and from Defendants for:

   a. Hospital bills, doctor bills, prescription bills and other medical related expenses which have been incurred and which will continue to be incurred in the future;

   b. Past, present, and future loss of income and wage-earning capacity;

   c. Past, present and future pain and suffering;

   d. Past, present and future emotional distress;

   e. Past and future loss of enjoyment of life;

   f. Past and future mental anguish;

   g. Temporary and permanent physical impairment and disability;

   h. Loss of consortium;

   i. Pre and post-judgment interest;

   j. Attorney fees;

   k. Punitive damages; and,

   l. Other damages to be shown at the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs seek and demand judgment against Defendants for all damages set forth herein as permissible, including compensatory damages, pre-judgment and post-judgment interest, cost of this action, and reasonable attorney's

fees. Furthermore, the Plaintiffs seek and demand judgment against Defendants for punitive damages in an amount to be determined by a Jury, sufficient to punish Defendants for similar wrongful conduct and to deter other similarly situated Defendants from engaging in like conduct.

**RESPECTFULLY SUBMITTED**, this the 21 day of February 2018.

DEXTER JAGNEAUX and
JENNIFER JAGNEAUX, Plaintiffs
By and Through Their Attorney

BY: _____
Jim Reeves, MSB 9519
Matthew G. Mestayer, MSB 9646
Leilani Leith Tynes, MSB 100074

REEVES & MESTAYER, PLLC
160 Main Street
Biloxi, Mississippi 39530
Phone 228.374.5151
Fax     228.374.6630
jrr@rmlawcall.com
mgm@rmlawcall.com
llt@rmlawcall.com