IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **DEXTER JAGNEAUX and JENNIFER JAGNEAUX** | **PLAINTIFFS** |
| v. | CAUSE NO. 1:18CV186-LG-RHW |
| **UNITED RENTALS (NORTH AMERICA), INC. and JOHN DOES A-Z** | **DEFENDANTS** |
| **THE CHARTER OAKS FIRE INSURANCE COMPANY** | **INTERVENOR** |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF H. THOMAS BAKER

BEFORE THE COURT is Plaintiffs' [211] Motion to Exclude or Limit Testimony of Defendant's Expert, H. Thomas Baker. Plaintiffs object to Baker's original and supplemental reports on reliability and timeliness grounds. The Motion has been fully briefed, and after due consideration, the Court finds that opinions and evidence concerning the experiments conducted for Baker's original report should be excluded. Plaintiffs' Motion will be granted to that extent and denied in all other respects.

### I. BACKGROUND

Plaintiff Dexter Jagneaux was employed by Crown Drilling, Inc. as a "motorman," which required him to maintain the various machine engines in use at the company's drilling sites. This lawsuit arose after Jagneaux was injured while attempting to adjust the fork assembly of a heavy-duty forklift. The fork assembly unexpectedly detached on one side and struck Jagneaux on the back as it fell. The

alleged cause – a retaining pin that had not been reinserted – was discovered immediately afterward. The parties' dispute concerns who was responsible for failing to insert the retaining pin. Jagneaux contends it was the mechanic employed by United Rentals. As the owner of the forklift, United Rentals was responsible for the necessary service, repair and maintenance, and its mechanic had removed the pin to service the forklift seven days before the accident. United Rentals contends that its mechanic did replace the pin; the pin could not have remained sitting on the forklift for a week; and a missing pin should have been detected by Crown employees during the inspections they had been trained to conduct prior to using the forklift.

United Rentals retained as an expert H. Thomas Baker, a mechanical engineer who has been performing accident investigations for more than twenty years. Plaintiffs do not challenge his qualifications to provide opinion testimony about the accident at issue in this case. Plaintiffs contend instead that Baker's investigation in this case was flawed, and therefore the conclusions he reached constitute unreliable opinions that the jury should not hear. Additionally, Plaintiffs object to the timeliness of what they call Baker's surrebuttal expert report.

II. ANALYSIS

**A. Reliability**

Federal Rule of Evidence 702 and *Daubert* establish that the district court must act as a gatekeeper and allow expert testimony only to the extent it "is both relevant and reliable." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)

(citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). The party seeking to have the district court admit expert testimony bears the burden of proof. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

"The reliability prong mandates that expert opinion be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quotation omitted). "A party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) (quoting *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007)).

Plaintiff Dexter Jagneaux alleges he suffered severe and debilitating injuries when the fork assembly of a forklift fell and struck him while he was attempting to adjust it. Shortly after the incident, supervisor Ron McGowen found that the pin used to keep the fork assembly in place was instead "laying on the top of the attachment point on the boom, and it had the keeper in it." (McGowen Dep. 47, ECF No. 211-8.) Plaintiffs assert that the pin had not been reinserted by the United Rentals mechanic after he repaired the forklift one week prior to the incident. United Rentals contends there is no evidence supporting this theory, and its expert Baker conducted experiments to determine whether the pin could have remained on the forklift, unsecured and undetected, for a week. Plaintiffs object to

introduction of evidence of Baker's experiments, because he did not replicate the conditions of the incident.

"As a general rule, district courts have wide discretion to admit evidence of experimental tests." *Atl. Specialty Ins. Co. v. Porter, Inc.*, 742 F. App'x 850, 853 (5th Cir. 2018) (citing *Barnes v. Gen. Motors Corp.*, 547 F.2d 275, 277 (5th Cir. 1977)); *see also McCune v. Graco Children's Prod., Inc.*, 495 F. App'x 535, 540 (5th Cir. 2012).

> The standard for admissibility turns on what an experiment is intended to demonstrate. If it is meant to be a simulation or re-creation of what actually happened, it must be performed under "substantially similar conditions." In that case, "the burden is upon the party offering evidence of out-of-court experiments to lay a proper foundation demonstrating a similarity of circumstances and conditions." While an experiment need not "precisely reproduce[ ]" every condition, it must be "so nearly the same in substantial particulars as to afford a fair comparison in respect to the particular issue to which the test is directed." By contrast, "[i]f a party offers the demonstrative evidence only as an illustration of general scientific principles, . . . it need not pass this 'substantial similarity' test."

*Atl. Specialty Ins. Co.*, 742 F. App'x at 853 (alterations in original) (citations omitted).

Baker's experiments were intended to demonstrate what happened. He states that

> [t]he pin was placed on the boom in the area where it was found and the [forklift] driven with the boom in multiple configurations. Ground vibrations, braking, acceleration and boom movement made the pin fall off the boom within minutes. At least twelve experiments were performed to see if the pin stayed in place and every time it fell off the boom. There's simply no way that the frictional force that held the pin in place on top of the boom could overcome the forces applied while operating the [forklift].

- 4 -

(Baker Report 13, ECF No. 211-7.) Baker placed the pin on top of the boom, as shown in this image:



(*Id.* at 6.)

Plaintiffs assert that this is not the place McGowen testified he found the pin. Rather, McGowen placed an arrow on a picture of the forklift in a different location, as shown in the image below:



(Pl. Mem. 9, ECF No. 213.)

Plainly, Baker's experiments were not conducted in conditions "so nearly the same in substantial particulars as to afford a fair comparison in respect to the particular issue to which the test is directed." Information about whether the pin fell from the area where Baker placed it would not help the jury determine the length of time the pin could have remained on the area McGowen testified he found it. Because United Rentals fails to show that the experiments were conducted under a substantial similarity of circumstances and conditions, Baker's conclusions based on his first round of experiments are unreliable and inadmissible.

Plaintiffs' expert, G. Fred Liebkemann, submitted a rebuttal report in which he discusses Baker's experiments. Liebkemann claims a "mismatch" between McGowen's testimony and Baker's placement of the pin for his experiments.

Liebkemann interpreted McGowen's testimony to mean that the pin was "atop 2 curved plates that link the carriage to the hydraulic cylinder in the boom tip." (Liebkemann Rebuttal Report 3, ECF No. 211-10.) The location is marked by the red arrow in the picture below:



(*Id.* at 4.) Liebkemann stated that in this position, the pin did not fall off in one and a half hours of normal operation of the forklift. (*Id.* at 6.)

Baker seems to agree that he placed the pin improperly in his initial experiments. After this possibility was brought to his attention by Liebkemann's rebuttal report, Baker conducted additional tests with the pin in another position. These experiments were the subject of Baker's surrebuttal report, in which he stated,

> In light of Mr. Liebkemann's analysis and a re-examination of Mr. McGowen's testimony, Mr. Baker performed additional testing on July

15, 2019. During this testing he realized that when the carriage is horizontal, as it would have been at the time of Mr. Jagneaux's accident, another flat spot that fits Mr. McGowen's description, becomes available. See Figure 1. When the pin is placed on this flat spot it falls to the ground immediately when the carriage is tilted toward the vertical. The ramification of this is that the pin must have been placed on that flat spot just prior to Mr. Jagneaux's accident not a week beforehand by [the mechanic].

(Baker Rebuttal Report 2, ECF No. 211-11.)

The location of the pin for Baker's second round of experiments is shown below:



Figure 1 – Flat area with pin when carriage is horizontal

From the photographs and descriptions provided, it appears that both parties' proposed locations could be consistent with McGowen's testimony. The conflict in the experts' opinions, as they presently stand, presents a factual question for the jury to resolve rather than a basis for excluding Baker's opinion testimony as unreliable. Because evidence of Baker's second experiments has been deemed

reliable, the Court must next consider whether that evidence and Baker's opinions were provided to Plaintiffs too late to be admissible.

## B. The Supplemental/Surrebuttal Report

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2). However, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5). The Federal Rules also provide for rebuttal reports as follows: "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" then the rebuttal report is due "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D).

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

37(c)(1). To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witness to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

The Plaintiffs contend that Baker's rebuttal report is an improper surrebuttal report. The Case Management Order in this case established a discovery deadline of September 30, 2019. (ECF No. 30.) Since Baker's rebuttal report was provided on September 4, 2019, prior to expiration of the discovery deadline, it was timely if truly supplemental. *See* L.U. Civ. R. 26(a)(5). However, Plaintiffs contend that Baker provided new, previously undisclosed opinions in the supplemental report, making the opinions untimely and subject to being stricken. United Rentals argues in response that the report is proper as a "supplemental rebuttal report," because it was in response to Plaintiffs' expert's "supplemental rebuttal testing." (Def. Resp. Mem. 12, ECF No. 216.)

Rebuttal opinions are governed by Rule 26(a)(2)(D), which requires that expert disclosures "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) [must be made] within 30 days after the other party's disclosure." Defendant asserts that Baker's September 4, 2019 report was responding to the May 6, 2019 rebuttal report by Plaintiffs' expert, Liebkemann. (*See* Notices of Service, ECF Nos. 177 & 198.) Thus, if considered merely a rebuttal, Baker's supplemental report is not timely, since it was provided well beyond thirty days of service of the opposing report.

Supplemental opinions are governed by Rule 26(e)(1)(A), which requires a party to supplement when it "learns that in some material respect the disclosure or response is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Nevertheless, "the rule is not a basis to make material additions to an initial report." *Thang Quoc Pham v. Tyson Farms, Inc.*, No. 3:17-CV-125-DPJ-FKB, 2018 WL 4178029, at *9 (S.D. Miss. Aug. 30, 2018). United Rentals does not argue that Baker's new experiments were made known in any way other than the September 3, 2019 rebuttal report. Therefore, the rebuttal report must have been provided to Plaintiffs "in a timely manner." In this District, a supplemental report is timely when provided no later than the discovery deadline. *See* Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26(a)(3)(B); L.U. Civ. R. 26(a)(5).

As noted above, Baker's rebuttal report was served prior to the discovery deadline. It is therefore timely if it is truly a supplemental report. In a proper supplemental report, "an expert may explain how he reached a particular conclusion but may not "provide[ ] new sources and justifications for his opinion." *Cooper v. Meritor, Inc.*, No. 4:16-CV-52-DMB-JMV, 2019 WL 545187, at *11 (N.D. Miss. Feb. 11, 2019) (quoting *Avance v. Kerr-McGee Chem. LLC*, No. 5:04-cv-209, 2006 WL 3484246, at *3 (E.D. Tex. Nov. 30, 2006)). Here, Baker provides evidence of new experiments to support his earlier expressed opinion that the pin must have been placed just prior to the accident where it was found by McGowen after the accident. The subject of Baker's rebuttal report therefore is an improper new opinion subject to being stricken pursuant to Federal Rule of Civil Procedure 37(c)(1). *See id.*, at *6-7.

When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter,* 73 F.3d at 572 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

United Rentals argues that Baker's testimony about his second round of testing is extremely important because it goes to the central issue of this case –who is most likely to have left the pin out of the forklift attachment.  As to the remaining factors, United Rentals contends that Plaintiffs do not identify any prejudice they will suffer if Baker is allowed to testify about his second round of testing – Plaintiffs chose not to depose Baker even though the discovery deadline had not yet passed when they received Baker's new opinions.  Finally, United Rentals contends that Baker could not have supplied these opinions earlier because he was responding to Liebkemann's rebuttal report.

Baker's placement of the pin for his first tests was apparently due to his misunderstanding of McGowen's testimony; an error that could and should have been corrected independently of Liebkemann's analysis.  Nevertheless, Baker's second round of testing would provide helpful information to the jury, who must decide whether it is probable that the pin rested, for a week, in the place McGowen found it.  The testing is simple, consisting only of placing the pin in various places and operating the forklift to see if the pin falls or stays in place.  The jury's credibility determination will depend on whether they believe one or both expert's testing conditions sufficiently replicated the conditions McGowen testified to.  The Court concludes that allowing Baker's untimely testing and opinions will result in minimal prejudice to Plaintiffs, while providing important information to the jury.  Given that this case is six months from trial, there is ample time for additional

discovery to cure any prejudice. For these reasons, Baker will be allowed to testify regarding the opinions and conclusions in his rebuttal report.

### C. Other Objections to Baker's Opinions and Conclusions

Plaintiffs object to Baker's conclusion that "Mr. Jagneaux placed himself in an unsafe area underneath the boom in violation of the safety warnings on the forklift, warnings contained in the operator's manual, OSHA regulations and the materials provided by United Rentals." (Pls. Mot. Ex. 7, at 14, ECF No. 211-7) (ECF pagination). Plaintiffs contend that Baker did not support his conclusion, and they point to contradictory evidence indicating that manually adjusting the forks was the norm and not considered improper. However, Baker provides support for his conclusion, and therefore Plaintiffs' objection goes to weight rather than admissibility. *See Bryant v. 3M Co.*, 78 F. Supp. 3d 626, 630 (S.D. Miss. 2015) ("[T]he Court should focus solely on the proposed expert's 'principles and methodology, not on the conclusions that they generate.'") (quoting *Daubert*, 509 U.S. at 595). This opinion will not be excluded.

Finally, Plaintiffs object to what it characterizes as "improper legal opinions wholly based upon made up facts." (Pl. Mem. 13, ECF No. 213.) Specifically, "Baker opines that Crown Drilling was the sole entity that had control and custody of the subject forklift." (*Id.*) Plaintiffs do not show, nor has the Court found, support for their argument that "opinions regarding control" are legal opinions. Instead, by arguing that Baker "relies on false evidence," Plaintiffs demonstrate that the issue of control and custody in this case is fact-driven. (*Id.*) Further, the

- 14 -

evidence Plaintiffs point to concerns "who controlled the repair, service, and maintenance of the subject forklift –" an issue that may not have much overlap with Baker's statement. (*Id.* at 14.) This is an instance where Baker has based his opinions on a version of the facts that Plaintiffs dispute. This does not render Baker's opinions unreliable. Experts should be excluded only if their testimony is so fundamentally unsupported that it cannot possibly help the factfinder. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). The jury "is entitled to hear [Baker]'s testimony and decide whether it should accept or reject that testimony after considering all factors that weigh on credibility, including whether the predicate facts on which [Baker] relied are accurate." *Pipitone*, 288 F.3d at 250.

## CONCLUSION

The Plaintiffs have shown that Baker's testimony is unreliable concerning the first round of experiments conducted for Baker's original report. Therefore, their Motion to exclude will be granted to that extent. The Motion is denied in all other respects.

**IT IS THEREFORE ORDERED AND ADJUDGED** Plaintiffs' [211] Motion to Exclude or Limit Testimony of Defendant's Expert, H. Thomas Baker is **GRANTED IN PART AND DENIED IN PART** as set out above.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE