# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **DEXTER JAGNEAUX and JENNIFER JAGNEAUX** | **PLAINTIFFS** |
| v. | **CAUSE NO. 1:18CV186-LG-RHW** |
| **UNITED RENTALS (NORTH AMERICA), INC. and JOHN DOES A-Z** | **DEFENDANTS** |
| **THE CHARTER OAKS FIRE INSURANCE COMPANY** | **INTERVENOR** |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [207] Motion for Summary Judgment filed by Defendant United Rentals (North America), Inc., seeking dismissal of Plaintiffs' negligence claims and demand for punitive damages. The Motion has been fully briefed, and after due consideration, the Court finds a question of material fact exists for the jury with regard to the negligence claims. However, there is inadequate evidence of facts that could support an award of punitive damages, and therefore the Court grants summary judgment with regard to the punitive damages claim.

## I. BACKGROUND

Plaintiff Dexter Jagneaux was employed by Crown Drilling, Inc. as a "motorman," which required him to maintain the various machine engines in use at the company's drilling sites. This lawsuit arose after Jagneaux was injured while attempting to adjust the fork assembly of a heavy-duty forklift. The fork assembly

unexpectedly detached on one side and struck Jagneaux on the back as it fell. The cause – a retaining pin that had not been reinserted – was discovered immediately afterward. The parties' dispute concerns who was responsible for failing to insert the retaining pin. Jagneaux contends it was the mechanic employed by United Rentals. As the owner of the forklift, United Rentals was responsible for the necessary service, repair and maintenance, and its mechanic had removed the pin to service the forklift seven days before the accident. United Rentals contends that its mechanic did replace the pin; the pin could not have remained sitting on the forklift for a week; and a missing pin should have been detected by Crown employees during the inspections they had been trained to conduct prior to using the forklift.

## II. DISCUSSION

### A. NEGLIGENCE

To succeed in a claim of negligence, Jagneaux must show "(1) [t]he existence of a duty ... to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) [a] failure to conform to such standard ...; (3) [t]he breach of such duty by the defendant was a proximate cause of the plaintiff's injury; [and] (4) injury . . . ." *Burnham v. Tabb*, 508 So. 2d 1072, 1074 (Miss. 1987) (citing W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 41, at 263-72 (5th ed. 1984)). Where "a party [ ] fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

United Rentals contends that Jagneaux cannot show that it breached any duty in repairing the forklift because 1) its mechanic testified that he replaced all of the pins after performing work on the forklift, and 2) Crown employees used the forklift for the following week, inspecting it nine times in the process. United Rentals also contends that Jagneaux cannot show that it provided inadequate training on the forklift in question to Crown employees.

Negligent Repair of the Forklift

There is no dispute that on February 16, 2015, a United Rentals mechanic was called to Crown's worksite to replace a bent fork bar on the subject forklift, and this required him to remove the retainer pins. The mechanic's signed statement, made on the day of Jagneaux's accident, states that he "had replaced the fork bar on 2-16-15 and I know for sure that all pins was put back in place at that time." (Def. Mot. Ex. E, ECF No. 207-5.) He testified in his deposition about his repair routine. "All the time, every time I do something like that, my truck's normally right there. Everything's placed on my truck, all the parts. I do my repairs, take all the parts off my truck, and put it back on the machine." (Def. Mot. Ex. G 2, ECF No. 207-7) (ECF pagination). He was asked "Are you sure that you put those old pins back in?" (*Id*. at 6.) He replied, "100 percent positive." (*Id*.) Four days later, the mechanic worked on the same forklift because "it's a three-stage boom, and they had gotten the boom out of sequence." He performed the repair on the boom and put the forklift back in service. (*Id*. at 3.) The repair did not require him to replace any parts. (*Id*. at 3-4.) Crown's Daily Activity Reports reflect that the forklift was in

use after the February 16 repair and was inspected by Crown employees nine times before Jagneaux's accident.

United Rentals argues that the fact that the mechanic removed the pin a week prior to Jagneaux's accident does not create a triable question of material fact regarding negligent repair. The mechanic's testimony that he replaced the pin after the repair is unrebutted by any direct evidence, and the circumstantial evidence supports his testimony. Specifically, Crown employees used the forklift for a week with no related problems, Crown employees inspected the forklift nine times during that week and did not notice a missing pin, and the United Rentals mechanic worked again on the boom of the forklift during that week and did not notice a missing pin. Citing *Rivera v. Adams Homes, LLC*, United Rentals argues that the evidence does not show a breach of the duty to Jagneaux, or that any breach by United Rentals was the proximate cause of Plaintiffs' damages. No. 1:12CV404-HSO-RHW, 2014 WL 3342566, at *7 (S.D. Miss. July 8, 2014).

In *Rivera*, a homeowner was injured when the window sash he was attempting to remove fell on him. Among his claims was an allegation that the cause of his injuries was negligent installation of the window and window sash. The evidence in support of the claim "only . . . consist[ed] of the fact that the window sash fell upon Mr. Rivera and Plaintiffs' observations and complaints regarding . . . installation of the replacement window." *Rivera*, 2014 WL 3342566, at *6. In other words, there was insufficient evidence that the window sash had been negligently installed.

The circumstances of this case are distinguishable, because the negligence at issue here – the unreplaced pin – unquestionably led to Jagneaux's injuries. As Plaintiffs point out, there is no evidence that anyone other than the United Rentals mechanic removed the pin, and Plaintiffs' expert's testing indicated that the forklift could be used without the pin falling from where it was found on the boom. The question of who failed to replace the pin is a question of fact for the jury, and there is sufficient circumstantial evidence from which the jury could find it probable that it was the United Rentals mechanic.

United Rentals argues that even if it negligently repaired the forklift, Crown's failure to discover the missing pin, after nine pre-use inspections of the forklift over the span of a week, was the superseding cause of Jagneaux's accident. Under this theory, "an original actor's negligence may be superseded by a subsequent actor's negligence, if the subsequent negligence was unforeseeable." *Entrican v. Ming*, 962 So. 2d 28, 35 (Miss. 2007). However, "negligence which merely furnished the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof." *Id.* at 36.

The evidence produced in this case indicate that the failure to detect the unreplaced pin during inspections is not a superseding cause, because this did not put the agency of Jagneaux's injury – failure to replace the pin – in action. Instead, Crown's failure to detect the missing pin raises a possible issue of comparable fault for the jury.

Negligent Training

"A claim of negligent training or supervision is simply a negligence claim, requiring a showing of duty, breach, causation, and damages." *Cameron v. Werner Enters., Inc.*, No. 2:13cv243-KS-JCG, 2015 WL 4393068, at *2 (S.D. Miss. July 15, 2015) (citing *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (Miss. 2005)). United Rentals argues that Plaintiffs' only evidence of causation on their negligent training claim is their expert's opinion that the accident may have been averted if United Rentals had provided appropriate pre-inspection training about the fork bar and pins. United Rentals contends that it provided comprehensive training that would have prevented the accident if Crown employees had followed it. "Specifically, had Crown employees completed a proper pre-use inspection pursuant to their United Rentals training on the day of the incident, they would have identified that a pin was missing or would have found the pin on the machine when checking for 'loose or missing parts.'" (Def. Mem. 15, ECF No. 208.) United Rentals argues that Plaintiffs' expert's opinion that more or different training would have averted the accident "is speculation and does nothing more than suggest the 'mere possibility' that the training caused the injury." (*Id.*).

In addition to their expert's opinion, Plaintiffs have also produced evidence in the form of declarations of three Crown employees: Richard Bouley, Silas Hebert, and Dexter Jagneaux. (Pl. Resp. Exs. 19, 22, 23, ECF Nos. 219-19, 219-22, 219-23.) According to the declarations, training on the forklift was short and did not include instructions to inspect the forklifts for absence or presence of safety pins on or

-- 6 --

around the carriage or forks. "We were only instructed to look for hydraulic leaks under the carriage or forks." (Pl. Resp. Ex. 22, at 1, ECF No. 219-22.)

Although United Rentals implemented policies and training for Crown employees to inspect and use the forklift, the Court finds the evidence conflicting as to whether United Rentals' training was sufficient. Therefore, United Rentals is not entitled to summary judgment on Plaintiffs' negligent training claim.

B. PUNITIVE DAMAGES

In Mississippi, a plaintiff must meet a high standard to justify an award of punitive damages. "The facts must be highly unusual as punitive damages are only awarded in extreme cases." *Gamble ex rel. Gamble v. Dollar General Corp*. 852 So. 2d 5, 15 (Miss. 2003) (citations omitted). "[T]here is no right to an award of punitive damages and such damages are to be awarded only in extreme cases." *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 79 (Miss. 2003) (quoting *S. Central Bell v. Epps*, 509 So. 2d 886, 892 (Miss. 1987)).

A Mississippi statute sets out the requirements for an award of punitive damages. "Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a).

The Mississippi Supreme Court defines the wanton and willful standard as follows:

> The usual meaning assigned to [these] terms is that the actor has intentionally done an act of unreasonable character and reckless disregard to the risks known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm would follow.

*Maldonado v. Kelly*, 768 So. 2d 906, 910 (Miss. 2000) (quoting *Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 224, n.3 (5th Cir. 1991)). "[S]ince [punitive damages] are intended as an example and warning to others, they should be allowed only with caution and within narrow limits." *Wallace v. Thornton*, 672 So. 2d 724, 728 (Miss. 1996) (internal citations omitted). Simple negligence is insufficient to warrant a punitive damages instruction. *See Boling v. A-1 Detective & Patrol Serv. Inc.*, 659 So. 2d 586, 589 (Miss. 1995).

Plaintiffs do not argue that they have asserted facts that rise to the level of awarding punitive damages. The Court finds no evidence that United Rentals acted with actual malice or gross negligence evidencing a willful, wanton or reckless disregard for the safety of others. At most, Plaintiffs allege a claim of simple negligence. For these reasons, Plaintiffs' punitive damages claim against United Rentals will be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [207] Motion for Summary Judgment filed by Defendant United Rentals (North America), Inc. is **GRANTED** as to the claim for punitive damages and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2020.

*s/* *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE