IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DEXTER JAGNEAUX and<br>JENNIFER JAGNEAUX | PLAINTIFFS |
| v. | CAUSE NO. 1:18CV186-LG-RHW |
| UNITED RENTALS (NORTH<br>AMERICA), INC. and JOHN DOES A-Z | DEFENDANTS |
| THE CHARTER OAKS FIRE<br>INSURANCE COMPANY | INTERVENOR |

## ORDER REGARDING PLAINTIFFS' EXPERT
## G. FRED LIEBKEMANN

BEFORE THE COURT are the [209] Motion to Exclude or Limit the Testimony of G. Fred Liebkemann, IV, and the [225] Motion to Strike the Untimely Declaration of G. Fred Liebkemann, IV, both filed by Defendant United Rentals (North America), Inc. The Motions have been fully briefed, and after due consideration, the Court finds that the Motion to Exclude should be granted in part and denied in part, and the Motion to Strike should be granted.

I. BACKGROUND

Plaintiff Dexter Jagneaux was employed by Crown Drilling, Inc. as a "motorman," which required him to maintain the various machine engines in use at the company's drilling sites. This lawsuit arose after Jagneaux was injured while attempting to adjust the fork assembly of a heavy-duty forklift. The fork assembly unexpectedly detached on one side and struck Jagneaux on the back as it fell. The

cause – a retaining pin that had not been reinserted – was discovered immediately afterward. The parties' dispute concerns who was responsible for failing to insert the retaining pin. Jagneaux contends it was the mechanic employed by United Rentals. As the owner of the forklift, United Rentals was responsible for the necessary service, repair and maintenance, and its mechanic had removed the pin to service the forklift seven days before the accident. United Rentals contends that its mechanic did replace the pin; the pin could not have remained sitting on the forklift for a week; and a missing pin should have been detected by Crown employees during the inspections they had been trained to conduct prior to using the forklift.

Plaintiffs retained the expert at issue in these Motions, mechanical engineer G. Fred Liebkemann, IV, to provide opinions about the training given to Crown employees and the repair performed by United Rentals' mechanic. United Rentals objects to introduction of Liebkemann's opinions regarding the adequacy of the training received, contending that Liebkemann is not qualified to give that testimony. United Rentals also contends that Liebkemann's opinions on negligent training and negligent repair are unreliable because they are not based on sufficient data. Finally, United Rentals objects to Liebkemann's Declaration, attached to Plaintiffs' response, as an untimely expert disclosure.

## II. ANALYSIS

**A. Legal Standard for Admission of Expert Witness Testimony**

United Rentals challenges Liebkemann's qualifications and the reliability of his testimony. Whether Liebkemann is qualified to testify as an expert is a question of law. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002) (citing Fed. R. Evid. 104(a)). An expert may not "go beyond the scope of his expertise in giving his opinion." *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009). However, Federal Rule of Evidence "702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

As for reliability, the familiar *Daubert* analysis "is applied to ensure expert witnesses have employed reliable principles and methods in reaching their conclusions, [although] the test does not judge the expert conclusions themselves." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Nevertheless,

> [n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion offered.

*Atl. Specialty Ins. Co. v. Porter, Inc.*, 742 F. App'x 850, 855 (5th Cir. 2018).

**B. Liebkemann's Training Qualifications**

United Rentals concedes that Liebkemann is qualified in heavy equipment design, analysis, and inspection, but contends that Liebkemann is not qualified to offer opinions about forklift operator training. This is because Liebkemann testified that he is not an OSHA certified forklift trainer, has never trained anyone on the

use of a forklift, and the only testimony he ever offered on the issue of improper training was excluded by the court in a case involving an overhead crane.  Plaintiffs respond that Liebkemann has designed cranes and equipment that do lifting similar to forklifts, written owner's manuals, work and repair procedures, and daily inspection checklists for heavy equipment, and is a certified forklift operator.

The Court agrees that Liebkemann's mechanical engineering expertise does not qualify him to testify about the adequacy of the training Crown employees received on the use of the forklift.  He has no particular safety or training work experience or training.  In any event, Liebkemann's opinion on the matter is derived simply from his phone interview with Jagneaux, who told him that he did not receive instruction about "the means of attachment of the forks," in that "the hitch pins and the rapid fork release mechanism were neither explained nor pointed out by the trainer during the hands-on segment of the training class." (Liebkemann Rep. 11, ECF No. 217-2.)  The jury will not require expert testimony to consider this evidence and reach a conclusion.  The Motion to Exclude will therefore be granted to the extent that Liebkemann will not be allowed to testify about the adequacy of training provided to Crown employees.

**C. The Reliability of Liebkemann's Negligent Repair Opinions**

Both parties' experts conducted tests designed to demonstrate whether and for how long the retaining pin could have stayed where it was found immediately after the accident.  United Rentals contends that Liebkemann did not conduct sufficient testing or consider all relevant information in forming his opinions

concerning Plaintiffs' claim of negligent repair. Specifically, United Rentals argues that Liebkemann should have tested whether the forks could be adjusted without the fork bar falling out, and he failed to consider Crown's control of the forklift when it was not being repaired or serviced by the United Rentals mechanic. In the Court's view these alleged deficiencies do not render Liebkemann's negligent repair opinions unreliable, but instead provide material for cross-examination. Accordingly, United Rentals' Motion will be denied to the extent that it seeks exclusion of Liebkemann's negligent repair opinion testimony.

### D. The Timeliness of Liebkemann's Declaration

United Rentals objects to consideration of Liebkemann's [217-6] Declaration, provided with Plaintiffs' opposition to the motion to exclude Liebkemann's testimony, on the grounds that it disclosed new opinions well after any applicable deadline for doing so. Plaintiffs respond that the Declaration was intended to simply summarize Liebkemann's previously disclosed opinions, not provide any new opinions. Because the Declaration is clearly untimely it will be stricken, and the Court has not relied on any statements therein for purposes of resolving the motion to exclude.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [209] Motion to Exclude or Limit the Testimony of G. Fred Liebkemann, IV is **GRANTED IN PART AND DENIED IN PART** as set out above.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [225] Motion to Strike the Untimely Declaration of G. Fred Liebkemann, IV is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE